UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS CONWELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:23-cv-00816-JMS-MKK |
| WARDEN NEW CASTLE CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Chris Conwell's petition for a writ of habeas corpus challenges his conviction and punishment in prison disciplinary case NCN 23-01-0012. Mr. Conwell was charged with and convicted of sexual conduct after Officer King stated in a conduct report that he told her she had "a nice fat ass," then later dropped his pants, exposed his genitals, and asked if she liked what she saw. Dkt. 8-1.

Mr. Conwell presents only one issue in his habeas petition: that his hearing officer was not impartial. He did not present this issue in his administrative appeals, however, and cannot overcome the requirement that he do so before bringing his petition. Therefore, his claims are procedurally defaulted, and his petition is denied.

**I. The Petition**

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). Mr. Conwell insists that his hearing officer stated, when announcing his sanctions, that "*we*" decided to punish him with time in disciplinary segregation and removal from a program. Dkt. 1 at 2. Mr. Conwell

reasons that the hearing officer's use of the plural "we" is evidence that he discussed the case with another prison official before the hearing, abandoned his impartiality, and predetermined Mr. Conwell's guilt and sanctions.

## II. Procedural Default

The respondent contends that Mr. Conwell failed to raise his impartiality argument in both of his administrative appeals and that the doctrine of procedural default bars him from raising it here. A court may not grant a habeas petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019). Because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner exhaust his claims through both levels of the IDOC's administrative appeals process. *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002); *see also Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) ("To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority.").

In his first-level appeal, dated February 1, 2023, Mr. Conwell argued exclusively that the statements in Officer King's conduct report were untrue. Dkt. 8-7 at 2. Mr. Conwell's appeal was denied on February 15. *Id.* at 1. His second-level appeal was denied on March 14, and there is no evidence that he submitted any different materials or raised any different arguments in his second-

level appeal. *See* dkt. 8-8. Thus, Mr. Conwell failed to exhaust the administrative appeals process with respect to his impartiality argument.[1]

### III. Excuses for Procedural Default

"A petitioner seeking review of defaulted claims has two options. He can show 'cause and prejudice for the default' or he can demonstrate that failure to consider the defaulted claims will result in a 'miscarriage of justice.'" *Love v. Vanihel*, 73 F.4th 439, 446 (7th Cir. 2023) (quoting *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010)). Mr. Conwell cannot avail himself of either justification for failing to exhaust his impartiality argument.

**A.      Cause and Prejudice**

A habeas petitioner demonstrates cause for failure to exhaust by showing that "some objective factor external to the defense impeded" compliance with the rules, meaning "the factual or legal basis for a claim was not reasonably available," or "that some interference by officials" prevented compliance. *Love*, 73 F.4th at 446–47 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Mr. Conwell argues that he could not have raised his impartiality argument in his first-level appeal because he needed to gather evidence to prove his position first. He did this by writing another officer who was present and asking him to verify that he heard the hearing officer say "we" when announcing Mr. Conwell's sanctions. Dkt. 1-1 at 4. Mr. Conwell sent this request on February 7, 2023, and received a response three days later. *Id.*

---

[1] Mr. Conwell asserts in his reply that he "immediately argued impartial decision maker with evidence accompanying it with my 2nd level appeal" after gathering evidence to support his position. Dkt. 13 at 4. However, no evidence in the record supports this assertion. His reply is not sworn under penalty of perjury, so statements in it are not evidence. *See Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013) ("The petition is declared and stated under penalty of perjury and thus is considered an affidavit."). Further, no exhibit attached to any of the parties' filings indicates that Mr. Conwell submitted any documents to the second-level appeal reviewer that he did not present to the first-level appeal reviewer.

But Mr. Conwell's need to gather evidence did not prevent him from presenting his impartiality argument in his first-level appeal. A first-level appeal is due within 15 calendar days after an inmate receives notice of his conviction and sanctions. Dkt. 8-9 at 53. Mr. Conwell's hearing was held on February 1, 2023, and he received the hearing report that day. Dkt. 8-4. Mr. Conwell was not required to submit his appeal until February 16, but he submitted it on February 1, immediately after receiving his sanctions. Dkt. 8-7. Mr. Conwell was not prevented from raising impartiality in his first-level appeal by an external factor, interference from prison officials, or even a demanding deadline. *Love*, 73 F.4th at 446–47. He obtained the evidence supporting his impartiality argument before the deadline to appeal passed; he simply jumped the gun and submitted his appeal before considering all his grounds for appeal.

**B.      Miscarriage of Justice**

Because Mr. Conwell cannot show good cause for failing to present his impartiality argument in his administrative appeals, this Court cannot consider it unless failing to do so would work a miscarriage of justice. *Love*, 73 F.4th at 446. "A fundamental miscarriage of justice occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000) (quoting *Murray*, 477 U.S. at 496)). In his habeas filings, Mr. Conwell does not argue (much less provide a basis for finding) that he is actually innocent of the conduct Officer King documented; he exclusively challenges the hearing officer's impartiality. Accordingly, he has not demonstrated a miscarriage of justice, and his procedural default is inexcusable.

4

## IV. Conclusion

Mr. Conwell seeks habeas relief on only one ground. It is procedurally defaulted, and no exception excuses Mr. Conwell's failure to raise the issue earlier. Therefore, his petition is **denied**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment**.

    IT IS SO ORDERED.

Date: 3/20/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRIS CONWELL
198352
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov